FILED
2007 Nov-27 PM 01:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **SHIRLEY BROWN** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **JACOBS ENGINEERING, INC.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

### COMPLAINT

**I.   JURISDICTION**

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Sections 2201 and 2202, and Section 2000e et seq.  This is a suit in law and equity authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended, 42 U.S.C. Section 2000e et seq.  and The Civil Rights Act of 1991 and 42 U.S.C. § 1981 and § 1981a. The plaintiff also asserts a state law claim of third party breach of contract under pendant jurisdiction.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. Section 2000e et seq. providing for injunctive relief, back pay, compensatory damages, punitive damages, attorney fees, and other relief against race and sex discrimination.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended, 42 U.S.C. Section 2000e et seq. Plaintiff timely filed her charge of race and sex discrimination charge within 180 days of occurrence of the last discriminatory act. Plaintiff timely filed her race and discrimination claims within 90 days of the receipt of her Notice of Right To Sue from the Equal Employment Opportunity Commission ("EEOC"). A copy of her EEOC charge and Right to Sue Letter are attached to the complaint as Exhibit 1.

## II. PARTIES

3. Plaintiff, Shirley C. Brown, is an African-American female citizen of the United States, and a resident of the State of Alabama.

4. Defendant, Jacobs Engineering, is a corporate entity doing business in the State of Alabama. The defendant employs at least fifteen (15) persons. The defendant is located in Huntsville, Alabama. The defendant Company is an employer subject to suit pursuant to the provisions of the Act of Congress known as "The Civil Rights Act of 1964", as amended, 42 U.S.C. Section 2000e et seq, and 42 U.S.C. § 1981.

### III. STATEMENT OF FACTS

5. The plaintiff re-alleges and incorporates by reference paragraphs 1-4 above with the same force and effect as if fully set out in specific detail hereinbelow.

6. In April 2001, Brown became employed with the Defendant as a Team Lead in the Human Resources Department. Later on in this same year, Brown was promoted to the position of Manager in the Human Resources Department.

7. The Defendant is a contractor for the National Aeronautics Space Administration's [hereinafter "NASA"] Marshall Space Flight Center.

8. In October 2005, Brown was asked if her resume could be used by the company with designation "Key Manager" in a bid proposal for a large NASA contract. Brown agreed to let her resume to be utilized by the company in the submission process and to be designated a "Key Manager" under the contract. Former general manager Lon Miller, explained to Brown that if Jacobs Engineering won the contract, Brown would be given a raise and promoted the executive payroll as consideration for being a "Key Manager".

9. Jacobs Engineering won the contract. Brown never received the raise nor to her knowledge was she moved to the executive payroll. Brown is aware that in the past white employees designated as "Key Managers" were in fact given raises and promoted to the executive payroll.

10. On August 31, 2006, one year after being designated a "Key manager", Brown was terminated. During the termination, Randall Lycans, the General Manager, explained to her that the customers were unhappy with her performance. Brown was accused of "micro managing" the employees as grounds for termination. Before this meeting, Brown had never been made aware or counseled by the Defendant's leadership about her management style or any other facet of her performance. Moreover, Brown had also never been made aware of any customer complaints.

11. Later, Brown came to understand that the customers to which Lycans was referring were the in-house white managers/directors who resented Brown's authority and adherence to the Defendant's policies and procedures. Moreover, white staff employees would openly defy Brown's authority with no fear of chastisement.

12. Brown was repeatedly asked to resign in the aforementioned meeting with Lycans and when she did not, her employment was terminated.

13. Brown only asked that her direct reports follow established protocols set forth by Jacobs Engineering for hiring employees. For example, on numerous occasions, offers of employment were made before required references were completed. A practice that was in direct contravention of the Defendant's rules and regulations governing the employment of applicants.

14. Brown, the only African-American senior manager, was subject to different terms and conditions of employment, in that she was terminated for following the Defendant's rules while white managers/directors were allowed to remain employed while not following the rules. As a former Human Resources manager, Brown is aware that the company has continued to employ white persons who have violated established company rules.

## IV.  CAUSES OF ACTION

### COUNT I - RACE AND SEX DISCRIMINATION

15. Brown re-alleges and incorporates by reference paragraphs 1-14.

16. The defendant discriminated against Brown because of her race and sex with respect to her termination in violation of 42 U.S.C § 2000e, as Amended, 42U.S.C§1981, and 42U.S.C.§1981a.

17. Brown's damages and her injuries included loss of pay, and benefits. As a result of the termination she suffered mental anguish, humiliation, embarrassment.

### COUNT II - THIRD PARTY BENEFICIARY BREACH OF CONTRACT

18. The plaintiff re-alleges and incorporates by reference paragraphs 1-17 the same force and effect as if fully set out in specific detail herein below.

19. The defendant entered into a contract with NASA which set forth that Shirley Brown was a "Key Manager" with respect to the contract. Brown was

informed by the Lon Miller, the highest ranking segment manager at Jacobs Engineering in Huntsville, that she would receive a raise if the company was awarded the contract. The company used Brown's resume in submissions to NASA to secure the contract with the understanding that she would be a participant in the implementation and execution of the contract on on an on-going basis.

20. Jacobs Engineering falsely represented to Brown that she would be receiving a pay raise and transfer to the executive payroll if the October 2005 contract was awarded to Jacobs Engineering.

21. At the time the contract was created, a direct benefit was intended to be conferred on Brown, i.e. a pay raise and a promotion to the executive payroll. Brown's was an intended beneficiary of the contract as reflected through Jacob Engineering's use of her resume and designation of Brown as a "Key Manager" in the contract. By terminating her employment, Jacobs Engineering breached the contract.

22. As a result of the defendant's actions, the plaintiff has suffered and is continuing to suffer injury including, but not limited to, substantial loss of income, and loss of benefits.

## V. **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.	Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended, 42 U.S.C. Section 2000e et seq. and the Civil Rights Act of 1991 42 U.S.C. § 1981, and 42 U.S.C § 1981a.

2.	As a result of the defendant's actions, the plaintiff has suffered and is continuing to suffer injury including emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non pecuniary losses.

3. The plaintiff seeks to redress the wrongs alleged herein, and this suit for equitable, compensatory, punitive and/or nominal damages, and injunctive and declaratory relief is her only means of securing adequate relief.

4.	Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended and 42 U.S.C. § 1981.

5. Enter an Order requiring the defendant to make the plaintiff whole by awarding her the position she would have occupied in the absence of discrimination and/or the contract being breached.

6. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, back pay, compensatory, nominal, and punitive damages front an award of costs, attorney's fees and expenses.

## JURY DEMAND

**The plaintiff demands a trial by jury on all claims triable by jury.**

    Respectfully submitted,

    <u>s/Lee Winston</u>
    Lee D. Winston (ASB-6407-072L)
    Roderick T. Cooks (ASB-5819-078R)
    Attorney for Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
319 17TH Street North
Birmingham, AL 35203
(205) 502-0940- telephone
(205) 251-0231- facsimile

**DEFENDANT'S ADDRESS:**
Jacobs Engineering
1111 South Arrora Parkway
Pasadena, CA. 91105