UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **SHIRLEY BROWN,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| vs. | )    **Civil Action No. CV-07-S-2119-NE** |
| | ) |
| **JACOBS ENGINEERING, INC.,** | ) |
| | ) |
|    **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Shirley Brown, asserts race and gender discrimination claims against her former employer, Jacobs Engineering, Inc. ("Jacobs" or "defendant"), pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and 42 U.S.C. § 1981a.  Plaintiff also asserts a supplemental state law claim for "Third Party Beneficiary Breach of Contract."[1] The case presently is before the court on defendant's motion to dismiss plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.[2]

**I.  STANDARD OF REVIEW**

The Federal Rules of Civil Procedure require only that a complaint contain a

---

[1]*See* doc. no. 1 (Complaint).

[2]Doc. no. 4.

"'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* — U.S. — , 127 S. Ct. 1955, 1969 (2007) (citations omitted). These factual allegations need not be detailed, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S. Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986), and *Sanjuan v. American Bd. of Psychiatry and Neruology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)) (bracketed alteration in *Twombly*). Thus, although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also, e.g., Brooks v.*

*Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Viewed in this manner, the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level . . . ." *Twombly,* 127 S. Ct. at 1965 (citations omitted). Stated differently, the plaintiff must plead facts sufficient to "nudge[] [her] claims across the line from conceivable to plausible . . . ." *Id.* at 1974.

## II. ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff, an African-American female, began working for Jacobs in April of 2001 as a "Team Lead" in the Human Resources Department.[3] Later that same year, she was promoted to the position of Manager in the Human Resources Department.[4]

In October of 2005, Jacobs bid on a contract with the National Aeronautics and Space Administration ("NASA"). Jacobs asked plaintiff if her resume could be used in the bid proposal, and if the company could refer to her as a "Key Manager." Plaintiff answered both questions affirmatively, and Jacobs' former general manager, Lon Miller, informed plaintiff that if Jacobs won the contract, she would receive a raise and a promotion to the company's executive payroll "as consideration for being

---

[3]Complaint, at ¶¶ 3, 6.
[4]*Id.* at ¶ 6.

a 'Key Manager.'"[5]  Jacobs won the contract, but plaintiff never received a raise or a promotion to the executive payroll.  In the past, white employees designated as "Key Managers" were given raises and promotions to the executive payroll.[6]

On August 31, 2006, plaintiff met with Jacobs' then-General Manager, Randall Lycans.[7]  Lycans repeatedly asked plaintiff to resign, and when she refused, Lycans terminated plaintiff's employment.[8]  Lycans informed plaintiff that Jacobs' customers were unhappy with her job performance, and that her "micro management" of employees was the reason for her termination.  Before the August 31 meeting, plaintiff had never received notice of any problems with her management style, or of any customer complaints.[9]  "Later, [plaintiff] came to understand that the customers to which Lycans was referring were the in-house white managers/directors who resented [plaintiff's] authority and adherence to the Defendant's policies and procedures.  Moreover, white staff employees would openly defy [plaintiff's] authority with no fear of chastisement."[10]

Plaintiff alleges that she "only asked that her direct reports follow established

---

[5]*Id.* at ¶ 8.
[6]*Id.* at ¶ 9.
[7]*Id.* at ¶ 10.
[8]Complaint, at ¶ 12.
[9]*Id.* at ¶ 10.
[10]*Id.* at ¶ 11.

protocols set forth by Jacobs Engineering for hiring employees. For example, on numerous occasions, offers of employment were made before required references were completed."[11] This practice "was in direct contravention of the Defendant's rules and regulations governing the employment of applicants."[12] Plaintiff also alleges that she,

> the only African-American senior manager, was subject to different terms and conditions of employment, in that she was terminated for following the Defendant's rules while white managers/directors were allowed to remain employed while not following the rules. As a former Human Resources manager, [plaintiff] is aware that the company has continued to employ white persons who have violated established company rules.[13]

Based on these facts, plaintiff asserts the following for her race and sex discrimination claims:

> 16.  The defendant discriminated against [plaintiff] because of her race and sex with respect to her termination in violation of 42 U.S.C. § 2000e, as Amended, 42 U.S.C. § 1981, and 42 U.S.C. § 1981a.
>
> 17.  [Plaintiff's] damages and her injuries included loss of pay, and benefits. As a result of the termination she suffered mental anguish, humiliation, embarrassment [sic].[14]

For her "third party beneficiary breach of contract" claim, plaintiff states:

---

[11] *Id.* at ¶ 13.
[12] *Id.*
[13] Complaint, at ¶ 14.
[14] *Id.* at ¶ 16-17.

19. The defendant entered into a contract with NASA which set forth that [plaintiff] was a "Key Manager" with respect to the contract. [Plaintiff] was informed by the [sic] Lon Miller, the highest ranking segment manager at Jacobs Engineering in Huntsville, that she would receive a raise if the company was awarded the contract. The company used [plaintiff's] resume in submissions to NASA to secure the contract with the understanding that she would be a participant in the implementation and execution of the contract on . . . an on-going basis.

20. Jacobs Engineering falsely represented to [plaintiff] that she would be receiving a pay raise and transfer to the executive payroll if the October 2005 contract was awarded to Jacobs Engineering.

21. At the time the contract was created, a direct benefit was intended to be conferred on [plaintiff], *i.e.* a pay raise and a promotion to the executive payroll. [Plaintiff] was an intended beneficiary of the contract as reflected through Jacob Engineering's use of her resume and designation of [plaintiff] as a "Key Manager" in the contract. By terminating her employment, Jacobs Engineering breached the contract.

22. As a result of the defendant's actions, the plaintiff has suffered and is continuing to suffer injury including, but not limited to, substantial loss of income, and loss of benefits.[15]

### III.  DISCUSSION

**A.   Sex Discrimination**

Defendant argues that plaintiff's sex discrimination claim must be dismissed because her complaint contains no factual allegations to support the claim. Plaintiff rightfully does not dispute that her complaint lacks factual allegations relevant to a sex discrimination claim. Indeed, her complaint contains no allegation that she was

---

[15]*Id.* at ¶¶ 19-22.

replaced by a male employee, that a male employee received a promotion or raise she did not receive, or that any male employee was treated more favorably than her in any way. Plaintiff nonetheless argues that her sex discrimination claim is viable, because the Charge of Discrimination she filed with the Equal Employment Opportunity Commission ("EEOC") — a copy of which was attached as an exhibit to her complaint — contains factual allegations related to sex discrimination.[16]

Plaintiff's argument is supported by Federal Rule of Civil Procedure 10(c), which states that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for *all* purposes." Fed. R. Civ. P. 10(c) (emphasis supplied). Even so, the court concludes that, for the sake of clarity, plaintiff should be required

---

[16]Specifically, plaintiff's EEOC charge contains the following relevant paragraphs:

> 3.    I was the only African-American employed in management by [Jacobs]. Since my termination of employment, I have been replaced by a white male, Steve Peters.
>
> . . . .
>
> 9.    [Jacobs] follows its disciplinary policies dealing with performance issues with white and/or male employees, but elected not to do so with me.
>
> 10.    During the course of my employment, I was paid less than other managers, who were male and/or white, because of my gender and/or race in violation of Title VII of the Civil Rights Act of 1964, as amended.
>
> 11.    Further, I was terminated because of my gender and/or my race in violation of Title VII of the Civil Rights Act of 1964, as amended.

Complaint, Exhibit A (Charge of Discrimination), at ¶¶ 3, 9-11.

to state the factual allegations supporting her sex discrimination claim *in the body of the complaint itself*. She will be required to amend her complaint for that purpose.

**B.     Race Discrimination**

Defendant also argues that plaintiff's claim for race-based discrimination should be dismissed because her allegation that "she was terminated for following the Defendant's rules while white managers/directors were allowed to remain employed while not following the rules" does not indicate racially disparate treatment. Defendant asserts that, "[t]o state a disparate treatment claim, Plaintiff would have to have alleged that both she, being African-American, and white managers, committed the same policy infraction, but the company only fired her."[17] The court does not agree.

The Supreme Court has held that the elements of a *McDonnell Douglas prima facie* case constitute "an evidentiary standard" for evaluating the sufficiency of a plaintiff's circumstantial proof of discrimination, "not a pleading requirement." *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002). In other words, Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the plaintiff's claim, sufficient to give the defendant fair notice of what the plaintiff's claim is, and, the grounds upon which it rests, and it does not require the plaintiff to plead a *prima facie*

---

[17]Doc. no. 5 (defendant's brief), at 6.

case of discrimination in order to survive a defendant's motion to dismiss. Plaintiff's complaint contains sufficient factual allegations to place defendant on fair notice of her claims for race-based discrimination. As plaintiff points out, she complains of racial discrimination in rate of pay and granting of promotions, not only in the termination of her employment. Accordingly, plaintiff's race-based discrimination claims will not be dismissed for failure to state a claim upon which relief can be granted.

The court notes, however, that plaintiff again references the allegations set forth in her EEOC charge to support her claim for race-based discrimination.[18] Accordingly, plaintiff will be required, for the sake of clarity, to amend her complaint for the purpose of stating *all* facts upon which she relies to support her race-based discrimination claim *within the body of the complaint*.

## C. Third-Party Beneficiary Breach of Contract

The Alabama Supreme Court has described the third-party-beneficiary breach of contract theory as follows:

> "[I]f one person makes a promise for the benefit of a third party, such beneficiary may maintain an action thereon, though the consideration

---

[18] Doc. no. 10 (plaintiff's brief), at ¶ 12 ("Brown's claims of race and gender discrimination are also clearly set forth in her Complaint in paragraphs ¶¶ 3 and 10-14 and in her charge of discrimination attached to her Complaint as Exhibit A wherein she alleges that she was subjected to disparate discipline and was paid less than white and/or male managers because of her race and/or gender. . . . Brown also identifies Steve Peters, her white male replacement.").

does not move from the latter." *Franklin Fire Ins. Co. v. Howard,* 230 Ala. 666, 667-68, 162 So. 2d 683, 684 (1935).

> """To recover under a third-party beneficiary theory, the complainant must show: 1) that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party; 2) that the complainant was the intended beneficiary of the contract; and 3) that the contract was breached."""

*H.R.H. Metals, Inc. v. Miller,* 833 So. 2d 18, 24 (Ala. 2002) (quoting *Sheetz, Aiken & Aiken, Inc. v. Spann, Hall, Ritchie, Inc.,* 512 So. 2d 99, 101-02 (Ala. 1987)). Further, """[i]t has long been the rule in Alabama that one who seeks recovery as a third-party beneficiary of a contract must establish that the contract was intended for his direct, as opposed to incidental, benefit.""" *Morris Concrete, Inc. v. Warrick,* 868 So. 2d 429, 434 (Ala. Civ. App. 2003) (quoting *McGowan v. Chrysler Corp.,* 631 So. 2d 842, 848 (Ala. 1993) (quoting in turn *Mills v. Welk,* 470 So. 2d 1226, 1228 (Ala. 1985))). "[W]e look[] to the complaints and the surrounding circumstances of the parties to ascertain the existence of that direct benefit." *Holley v. St. Paul Fire & Marine Ins. Co.,* 396 So. 2d 75, 80 (Ala. 1981) (citing *Zeigler v. Blount Bros. Constr. Co.,* 364 So. 2d 1163 (Ala. 1978)); *see also Anderson v. Howard Hall Co.,* 278 Ala. 491, 179 So. 2d 71 (1965).

*Locke v. Ozark City Bd. of Education,* 910 So. 2d 1247, 1250 (Ala. 2005) (bracketed alterations in original).

Defendant argues that plaintiff's third-party beneficiary breach of contract claim must be dismissed because plaintiff was not intended to derive a direct benefit from the contract entered into by Jacobs and NASA. To the contrary, plaintiff's complaint explicitly states that,

-10-

> [a]t the time the contract was created, a direct benefit was intended to be conferred on [plaintiff], *i.e.* a pay raise and a promotion to the executive payroll. [Plaintiff] was an intended beneficiary of the contract as reflected through Jacobs Engineering's use of her resume and designation of [plaintiff] as a "Key Manager" in the contract. By terminating her employment, Jacobs Engineering breached the contract.[19]

These allegations, and the other factual allegations accompanying them, are sufficient to state a claim for third-party-beneficiary breach of contract, and to allow that claim to proceed to discovery. It is not relevant, as defendant suggests, that plaintiff did not attach a copy of the written contract between Jacobs and NASA to her complaint.

## IV. CONCLUSION AND ORDER

Based on the foregoing, defendant's motion to dismiss is DENIED. Even so, plaintiff is ORDERED to file an amended complaint on or before April 23, 2008. The amended complaint should set forth additional factual allegations to support plaintiff's claims for sex- and race-based discrimination, including, but not limited to, the factual allegations in plaintiff's EEOC charge.

DONE this 9th day of April, 2008.

_____
United States District Judge

---

[19]Complaint, at ¶ 21.